IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD LEE HATCHER, #153 577, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE ACTION NO. 2:14-cv-348-MEF |
| v. | )                    [WO] |
| | ) |
| GOV. ROBERT BENTLEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon consideration of Plaintiff's motion for leave to amend complaint in which he seeks to name Attorney General Luther Strange as a defendant, it is

ORDERED that the motion (*Doc. No. 12*) is GRANTED.

Plaintiff brings suit against Defendant Strange under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act (RA), 29 U.S.C. § 794, alleging this Defendant violated his constitutional rights and discriminated against him based upon his HIV status. *Doc. No. 12*. Plaintiff seeks substantial monetary relief. *Id*. Upon review of the allegations against Defendant Strange, the court concludes that dismissal of Plaintiff's claims against this Defendant prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff asserts that around 1996-97, when HIV became a "manageable chronic condition," Defendant Strange, as a successor to all former Attorney Generals, should have known "from that point forward" that the "policy of discrimination/segregation [of HIV-positive inmates] was [ ] intentional and in violation of the ADA/RA" and a violation of his Fourteenth Amendment rights under 42 U.S.C. § 1983 and § 1985(3).[2] *Doc. No. 12* at 1-2. Plaintiff maintains Defendant Strange has conspired and intentionally discriminated against him by "'reach[ing] an understanding' by an established HIV-segregation policy." *Id*. at 2. This conduct, Plaintiff claims, has excluded him from participating in and/or receiving the benefits of a public entity's services, programs, and activities which he qualifies for but has been denied the benefits of because of his HIV-status in violation of the ADA/RA and the Fourteenth Amendment. *Id*. Plaintiff requests an order declaring the conspiratorial acts and policy of discrimination by Defendant Strange as having impinged on his constitutional rights and as being violative of the ADA/RA. *Id*. at 3-4. Plaintiff also requests damages for intentional discrimination, segregation, and "evil intent," costs, and trial by jury. *Id.*

Plaintiff's allegations are replete with catchphrases about Defendant Strange's alleged discriminatory and conspiratorial conduct and continuance of policies imposing segregation

---

[2]The court notes that § 1985(3) is not itself a source of substantive rights. "'[I]t merely provides a remedy for violation of the rights it designates.'" *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 766 (11th Cir. 2000) (citation and internal quotation marks omitted). Where the § 1985(3) claim is based on the same theory as the underlying § 1983 claim and the underlying claim fails, the § 1985(3) claim must also fail.

and discrimination with respect to HIV-positive inmates in violation of the ADA/RA and the Fourteenth Amendment.  Plaintiff's allegations, however,  allege purely generalized and conclusory  allegations that fail to assert those material facts necessary to establish a viable claim against Defendant Strange.  *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  That is, Plaintiff's complaint  identifies no facts that allow the court to make any plausible inference that any conduct he attributes to Defendant Strange amounted to a violation of his constitutional rights.  *See Ashcroft  v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v.  Twombly*, 550 U.S. 555, 555 (2007) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")); *see also Marsh v. Butler Cnty.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.").  It is not sufficient to merely allege that a defendant violated a constitutional right.  It is also not enough to assert in a generalized and conclusory fashion that Alabama's political or state officials have failed to address alleged unconstitutional prison policies.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

3

550 U.S. at 570)). Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show how the conduct or actions of a defendant allegedly amounted to a violation of his constitutional rights. *See id.* Because Plaintiff's generalized assertions against Defendant Strange are unsupported by any specific factual allegations, they are insufficient to state a claim under § 1983 and are, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff seeks to hold Defendant Strange liable under *respondeat superior*, a § 1983 action will not support a claim under this theory. *See Iqbal*, 556 U.S. at 676; *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396 (11th Cir. 1994). In *Iqbal*, the Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to allegedly responsible individuals or actions. *Id.* at 676-77 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* . . . . [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution . . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities"); *see also Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990) (explaining that a supervisor "can be held liable under section 1983 when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights

4

of the plaintiff, and his conduct was causally related to the constitutional violation committed by his subordinate") (citations and footnote omitted).  Rather, the language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation.  *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995).

Here, there is no indication much less allegation by Plaintiff of any facts showing purposeful personal involvement by any means by Defendant Strange.  Plaintiff's broad and conclusory allegations against this defendant of constitutional violations and violations of the ADA/RA are due to be dismissed because Plaintiff has not alleged that Defendant Strange participated in or directed any of the misconduct about which he complains.  Without such personal involvement, this Defendant may not be held liable.  *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff argues Defendant Strange engaged in a conspiracy to violate his constitutional rights because he "'reached an understanding' by an established HIV-segregation policy."  *Doc. No. 12* at 2.  To establish a § 1983 conspiracy claim, "a plaintiff must show among other things, that the defendant 'reached an understanding to violate [his] rights.'"  *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988)).  This requires that Plaintiff provide more than

5

a label or a conclusion. *Twombly*, 550 U.S. at 555. Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show that an agreement was made. *Id*. at 555-56. Besides pleading facts to show that an agreement was reached to deny Plaintiff's rights, an "'underlying actual denial of [his] constitutional rights'" must be shown. *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008) (quoting *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998).

Review of Plaintiff's conspiracy claim reflects no more than self serving, purely conclusory allegations that fail to assert those material facts necessary to establish a conspiracy by Defendant Strange. *See Fullman*, 739 F.2d at 556-57 (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and may be dismissed). Accordingly, the court concludes that Plaintiff's conspiracy claim against Defendant Strange is due to be dismissed as it is insufficient to support a claim for relief under 42 U.S.C. § 1983.

Finally, to the extent Plaintiff's claims against Defendant Strange challenge actions he undertook in performing his functions as an advocate for the government, he is entitled to absolute immunity from suit for damages. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). A prosecutor is entitled to absolute immunity concerning advocacy-related decisions in initiating a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986) (Government attorneys are entitled to absolute immunity when they engage in conduct

6

consistent with their role as advocates of the government in activities or functions intimately or integrally associated with the judicial (or administrative) process); *Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000) (internal quotations and citations omitted) ("State attorneys . . . who perform functions analogous to those of a prosecutor . . . are absolutely immune from suit under section 1983 concerning activities intimately associated with the judicial process."); *Murphy v. Morris*, 849 F.2d 1101, 1105 (8th Cir. 1988) ("The traditional requirements for extending absolute immunity are satisfied by a government attorney" defending state officials in prisoner civil rights litigation). Accordingly, to the extent Plaintiff's seeks damages against Defendant Strange in his role as an advocate for the state, such claim lacks an arguable basis and is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Defendant Strange be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i-iii);

2. Defendant Strange be DISMISSED as a party defendant;

3. This case be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 2, 2014**. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of August, 2014.

                                                /s/ Wallace Capel, Jr.
                                                WALLACE CAPEL, JR.
                                                UNITED STATES MAGISTRATE JUDGE